1  **Todd M. Friedman (216752)**
2  **Darin Shaw (251037)**
   **Law Offices of Todd M. Friedman, P.C.**
3  **369 S. Doheny Dr. #415**
4  **Beverly Hills, CA 90211**
   **Phone: 877 206-4741**
5  **Fax: 866 633-0228**
6  **tfriedman@attorneysforconsumers.com**
7  **dshaw@attorneysforconsumers.com**
   **Attorney for Plaintiff**

8

9

10              **UNITED STATES DISTRICT COURT**
11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12  **PATRICK LEDDY,**                    ) Case No.
                                           )
13  Plaintiff,                             ) **COMPLAINT FOR VIOLATION**
14                                         )  **OF FEDERAL FAIR DEBT**
15     vs.                                 ) **COLLECTION PRACTICES ACT**
                                           ) **AND ROSENTHAL FAIR DEBT**
16  **PORTFOLIO RECOVERY**                 ) **COLLECTION PRACTICES ACT**
17  **ASSOCIATES, LLC,**                   )
                                           )
18  Defendant.                             )
19  _____       )

20

                        **I. INTRODUCTION**
21

22      1.  This is an action for damages brought by an individual consumer for

23  Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24  §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection

25
26  Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

27  which prohibit debt collectors from engaging in abusive, deceptive, and unfair

28
    practices.


                            Complaint - 1

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.      Plaintiff, Patrick Leddy ("Plaintiff"), is a natural person residing in San Joaquin county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, Portfolio Recovery Associates, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      In January 2011, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

7.    Defendant failed to provide Plaintiff written notice of the 30-day dispute period within 5 days of the initial contact.

8.    On January 9, 2011, Defendant claimed they would not call within the next 30 days pursuant to the dispute period but contacted Plaintiff on January 11, 2011.

9.    On more than one occasion, Defendant threatened legal action against Plaintiff for failure to pay an alleged debt.

10.    On more than one occasion, Defendant threatened to seize and/or garnish Plaintiff's property for failure to pay an alleged debt.

11.    Defendant threatened to take an action that cannot be legally taken or was not intended to be taken, including but not limited to, taking legal action against Plaintiff on a debt that is past the statute of limitations and seizing and/or garnishing Plaintiff's property where no judgment had been acquired against Plaintiff.

12.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff,  (§1692c(a)(1));

e) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

f) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

g) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

h) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

j) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the

garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

k) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f));

l) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

13.     As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.     Plaintiff reincorporates by reference all of the preceding paragraphs.

//

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct

violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

16.    To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully.

17.    Further, *§1788.17* of the RFDCPA mandates that every debt

collector collecting or attempting to collect a consumer debt shall comply with

the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to

the remedies in Section 1692k of, Title 15 of the United States Code statutory

regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct
        violated the RFDCPA;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.     Actual damages;

C.     Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of April, 2011.

By:     /s Todd M. Friedman
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**